**UNITED STATES of America,**
**Appellee,**

v.

**Ernest ROBERTS, Defendant–**
**Appellant.**

**No. 06–5257–cr.**

United States Court of Appeals,
Second Circuit.

March 18, 2008.

Irving Cohen, Law Office of Irving Cohen, New York, New York, for Defendant–Appellant.

E. Danya Perry, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Michael Garcia, United States Attorney for the Southern District of New York, New York, New York, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, Hon. JOHN GLEESON, District Judge.*

### SUMMARY ORDER

Defendant-appellant Ernest Roberts appeals from the November 13, 2006 judgment of the United States District Court for the Southern District of New York (Kaplan, J.), re-sentencing him principally to 51 months in prison following his conviction after trial for conspiracy to deal firearms without a federal firearms license in violation of 18 U.S.C. § 371 and for dealing in firearms without a federal firearms license in violation of 18 U.S.C. § 922(a)(1)(A) & (2). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Roberts contends that the district court's sentence was procedurally and substantively unreasonable. *See United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006) (stating that we review a district court's sentencing decision for reasonableness). Procedurally, Roberts argues that the district court erred by failing to consider adequately each of the factors enumerated in 18 U.S.C. § 3553(a) and by placing too much emphasis on general deterrence. The record shows, however, that the district judge did consider each of the relevant factors, and the weight it gave to deterrence of similar crimes was well

---

* The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

within its discretion. *See id.* at 30 ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors."); *see also United States v. Florez,* 447 F.3d 145, 158 (2d Cir.2006) (stating that "the weight to be given any § 3553(a) factor[ ] is a matter firmly committed to the discretion of the sentencing judge" (internal quotation marks omitted)). Substantively, Roberts argues that the district court unreasonably sentenced him to 51 months' imprisonment. The sentence was at the bottom of the Guidelines range of 51 to 63 months' imprisonment. Giving due respect to the district court's reasoned judgment, *see Gall v. United States,* ── U.S. ──, 128 S.Ct. 586, 594–96, 169 L.Ed.2d 445 (2007), we cannot conclude that the district court's sentence was an abuse of discretion given the seriousness of Roberts' crime and the need to afford adequate deterrence to similar conduct, *see* 18 U.S.C. § 3553(a)(2).

For the foregoing reasons, the judgment of the district court is AFFIRMED.